**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lori Jo Giddings,<br><br>          Plaintiff,<br><br>vs.<br><br>Vision House Production, Inc., d/b/a Designer Art Direct; Cindy Rarig, individually and d/b/a Designer Art Direct; Jonathan Rarig, individually and d/b/a Designer Art Direct; John/Jane Does I through V,<br><br>          Defendants. | No.CV-05-2963-PCT-MHM<br><br>**ORDER** |

    Plaintiff Lori Jo Giddings has sued Defendant Vision House Production, Inc., a retail art business, and its two principals, Defendants Cindy and Jonathan Rarig (collectively "Defendants"), asserting a federal claim under the Copyright Act of 1976 (Count 1) and state law claims for breach of contract (Count 2), intentional infliction of emotional distress (Count 3), and fraud (Count 4). Defendants have moved to dismiss the emotional distress and fraud claims for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. no. 11). Plaintiff has filed a response (Dkt. no. 13) and Defendants have filed a reply (Dkt. no. 14).

I.

Standard of Review.

When reviewing a motion to dismiss, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. Sosa v. Hiraoka, 920 F.2d 1451, 1455 (9th Cir. 1990). The Court must draw all reasonable inferences in favor of the non-moving party. Salim v. Lee, 202 F.Supp.2d 1122, 1125 (C.D. Cal. 2002). Dismissal is proper "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. 1986). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). The Ninth Circuit has stated that "[t]he issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978). The Court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiff's claims. Id.

II.

Plaintiff's Allegations in the Complaint.

The Complaint alleges that prior to June 2001, Plaintiff created a number of original pieces of artwork, many of which were copyrighted. (Compl., ¶¶ 8-9). Plaintiff retained exclusive and sole authority to reproduce the copyrighted artwork. (Id. at ¶¶ 8, 18). Sometime in or around June 2001, Plaintiff and Defendants entered into a contract to distribute Plaintiff's art, including the copyrighted artwork. (Id. at ¶¶ 10, 23). Plaintiff claims that Defendants materially breached the contract by reproducing and placing an excessive number of prints into the stream of commerce. (Id. at ¶¶ 11, 24). Plaintiff contends that Defendants were only authorized to produce and distribute a limited number of prints of her artwork. (Id. at ¶ 32). Plaintiff allegedly authorized reproduction and distribution of an even fewer number of prints that were to bear her signature. (Id.). Plaintiff further alleges that

Defendants reproduced, sold, displayed, and otherwise marketed Plaintiff's artwork, without permission. (Id. at ¶ 20). Additionally, Defendants allegedly forged Plaintiff's signature, altered limited edition numbering on reproductions, and distributed these reproductions as artist-signed reproductions. (Id. at ¶¶ 32-35).

Plaintiff alleges that Defendants' conduct was outrageous. (Id. at ¶ 28). Plaintiff further asserts that, as a result of the Defendants allegedly unauthorized and malicious use of Plaintiff's artwork, Plaintiff has suffered and will continue to suffer emotional and monetary damages. (Id. at ¶¶ 25, 29-30).

III.

Defendants' Motion to Dismiss Plaintiff's Claim for
Intentional Infliction of Emotional Distress (Count 3).

Plaintiff alleges that Defendants' conduct, acts, and omissions with respect to her artwork were outrageous and caused Plaintiff to suffer severe emotional distress. Defendants contend that Plaintiff's allegations are insufficient to state a claim for intentional infliction of emotional distress.

To establish a claim for intention infliction of emotional distress under Arizona law, a plaintiff must prove: (1) the conduct by the defendant was 'extreme' and 'outrageous,' (2) the defendant intended to cause emotional distress or showed reckless disregard with near certainty that such distress would result from his conduct, and (3) severe emotional distress resulted from defendant's conduct. Johnson v. McDonald, 3 P.3d 1075, 1080 (Ariz.Ct.App. 2000). The threshold inquiry is whether a defendant's conduct is sufficiently outrageous to let the case proceed. Id. As explained in Johnson,

> The trial court determines whether the acts at issue are sufficiently outrageous to state a claim for relief; however, if reasonable minds could differ about whether the conduct is sufficiently outrageous, the issue should be decided by a jury. See Mintz v. Bell Atlanta SYS. Leasing Int'l, Inc., 183 Ariz. 550, 554, 905 P.2d 559, 563 (App. 1995). To recover for this tort, the plaintiff must show that defendant's conduct was 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.' Cliff v. Farmers Ins. Exchange, 10 Ariz.App. 560, 562, 460 P.2d 666, 668 (1969) (quoting Restatement (Second) of Torts § 46 cmt. d).

Id., at 1080.

Plaintiff's allegations of unauthorized reproduction, sales, distribution, forgery, and marketing of Plaintiff's artwork (Compl. at ¶¶ 7-36), viewed in a light most favorable to the Plaintiff, rise to the requisite level of offensiveness required under Johnson. Because reasonable minds could differ about whether the conduct alleged was sufficiently outrageous, Defendants' motion for partial dismissal with respect to Plaintiff's emotional distress claim is denied.

Defendants in their reply have argued for the first time that Plaintiff's claim for intentional infliction of emotional distress is preempted by the Copyright Act, 17 U.S.C. § 106. Arguments raised for the first time in a reply are generally not considered because to do so may unfairly deprive the opposing party of the opportunity to make a meaningful response. See, e.g., Pacific Coast Federation of Fisherman's Ass'n. v. U.S. Bureau of Reclamation, 138 F.Supp.2d 1228, 1248, n.17 (N.D. Cal. 2001). The Court therefore has not considered Defendants' preemption argument.

IV.

Defendants' Motion to Dismiss Plaintiff's Fraud Claim (Count 4).

Defendants contend that Plaintiff has failed to state her fraud claim with the requisite particularity demanded by Fed. R. Civ. P. 9. Rule 9 requires that "[in] all averments of fraud...the circumstances constituting the fraud....shall be stated with particularity." Fed. R. Civ. P. 9(b) (emphasis added). While the Court is mindful of the "simple, concise, and direct" statement of a claim required under Rule 8(e), the heightened pleading standard is justified in fraud and mistake claims because it "serves to give defendants adequate notice to allow them to defend against the charge." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996) (as amended). In Arizona, the elements of fraud include falsity, representation, materiality, knowledge, and injury resulting from reliance on the false representation. See Arnold & Assoc., Inc. v. Misys Healthcare Systems, 275 F. Supp. 2d 1013 (D.Ariz. 2003). See also, Taeger v. Catholic Family and Community Services, 196

1   Ariz. 285, 294, 995 P.2d 721, 730 (Ariz. Ct. App. 1999) (citing Burkons v. Ticor Title Ins.
2   Co. of Cal., 798 P.2d 1308, 1317 (Ariz. Ct. App. 1989)). In order for a plaintiff to sufficiently
3   plead a fraud claim, she must "set forth more than the neutral facts necessary to identify the
4   transaction." Arnold & Associates, Inc., 275 F.Supp.2d at 1028 (citing In re GlenFed, Inc.,
5   Secur. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994)).  Plaintiff must set forth "the who, what,
6   when, where, and how" of the misconduct charged.  Vess v. Ceiba-Geigy Corp. USA, 317
7   F.3d 1097, 1106 (9th Cir. 2003).

8   In the case at bar, the Defendants emphasize that the purpose behind the Rule 9(b)
9   particularity requirement is "to deter the filing of complaints as a pretext for the discovery
10  of unknown wrongs...." Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (citing
11  In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)). Defendants further argue that
12  the Plaintiff's "allegations contain no specifics" and the allegations in support of Plaintiff's
13  fraud claim  "do not even minimally comply with Rule 9." (Defendants Amended Motion for
14  Partial Dismissal, pg. 5, lines 17-18).

15  In her complaint, Plaintiff alleges that Defendants engaged in unauthorized and excessive
16  reproductions of Plaintiff's artwork, improperly numbered limited edition reproductions,
17  forged Plaintiff's signature on reproductions, and subsequently distributed these
18  reproductions as artist-signed reproductions. (Compl. ¶¶ 33 - 36). Viewing such allegations
19  in a light most favorable to the Plaintiff, Count 4 has colorably set forth more than "neutral
20  facts" indicating the circumstances of fraud. However, while Plaintiff has alleged the "what",
21  she has not alleged with particularity "the who, ... when, where, and how".

22  Plaintiff has invoked the exception to the heightened pleading requirement of Rule 9(b),
23  contending that Defendants have knowledge of the forgeries and other, artwork-related
24  falsifications. See Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993)(recognizing that
25  "the general rule that allegations of fraud based on information and belief do not satisfy Rule
26  9(b) may be relaxed with respect to matters within the opposing party's knowledge").
27  However, "the exception does not nullify Rule 9(b); a plaintiff must state the factual basis
28

1  for the belief." Id. Plaintiff's allegations are not sufficient in this regard. Defendants' motion
2  to dismiss Plaintiff's fraud claim is granted.

3  Plaintiff has requested leave to file an amended complaint in the event her fraud claim is
4  found to be deficient. When granting a motion to dismiss, a court is generally required to
5  grant a plaintiff leave to amend unless the amendment would be futile. Cook, Perkiss &
6  Liehe, Inc. v. N.Cal.Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). The Court
7  cannot determine that any amended complaint would be futile. Plaintiff shall be granted
8  leave to file an amended complaint.

9  **Accordingly**,

10 **IT IS ORDERED** that Defendants' amended motion to dismiss certain claims (Counts 3
11 and 4) asserted in Plaintiff's complaint (Dkt no. 11) is granted in part and denied in part.

12 **IT IS FURTHER ORDERED** that Defendants' amended motion to dismiss Plaintiff's
13 claim for intentional infliction of emotional distress (Count 3) is denied.

14 **IT IS FURTHER ORDERED** that Defendants' amended motion to dismiss Plaintiff's
15 claim for fraud (Count 4) is granted.

16 **IT IS FURTHER ORDERED** that Plaintiff's claim for fraud is dismissed without
17 prejudice with leave to amend.

18 **IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint within
19 twenty (20) days after the filing date of this Order. Defendant shall have twenty (20) days
20 after service of any amended complaint within which to file an answer or response.

21 DATED this 21st day of September, 2006.

_____
Mary H. Murguia
United States District Judge