**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lori Jo Giddings, | CV 05-2963-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Vison House Production, Inc., d/b/a Designer Art Direct; Cindy Rarig, individually and d/b/a Designer Art Direct; Jonathan Rarig, individually and d/b/a Designer Direct; John/Jane Does I through V, | |
| Defendant. | |

Presently pending before the Court is Defendants Vision House Production, Inc., and its two principals, Cindy and Jonathan Rarig's Motion for Judgment on the Pleadings (Doc. 21). Plaintiff filed a Memorandum in Opposition to Defendants' Motion for Judgment on the Pleadings (Doc. 22), which the Court construes as a Response, and Defendants filed a Reply (Doc. 23). Having reviewed the papers submitted, the Court issues the following Order.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Lori Jo Giddings filed an Amended Complaint against Defendants alleging causes of action for copyright infringement, breach of contract, intentional infliction of emotional distress and fraud (Doc. 19). Plaintiff is an artist who entered into a contract with Defendants, giving them limited permission to reproduce and distribute Plaintiff's

1 copyrighted artwork.  Plaintiff claims that Defendants reproduced and distributed the art in
2 a way that violated the contract.  For example, Plaintiff claims that Defendants forged
3 Plaintiff's signature on prints and misrepresented limited editions of Plaintiff's art.
4 　　　　On November 7, 2005, Defendants moved to dismiss Plaintiff's emotional distress and
5 fraud claims (Doc. 11). On September 27, 2007, the Court denied the motion as to Plaintiff's
6 emotional distress claim but granted the motion as to Plaintiff's fraud claim, and granted
7 Plaintiff leave to amend her Complaint (Doc. 16).  Pursuant to the Court's Orders, Plaintiff
8 filed an Amended Complaint on October 11, 2006 (Doc. 19).   On October 31, 2006,
9 Defendants filed a Motion for Judgment on the Pleadings (Doc. 21).  In their Motion for
10 Judgment on the Pleadings, Defendants contend that Plaintiff's common law claims for
11 breach of contract, emotional distress, and fraud, are preempted by Plaintiff's federal
12 copyright infringement claim.  Defendants also assert that the fraud claim is not valid
13 because Plaintiff lacks standing to bring such a claim.  Plaintiff filed a Memorandum in
14 Opposition to Defendants' Motion for Judgment on the Pleadings on November 13, 2006
15 (Doc. 22).  Plaintiff argues that none of her common law claims are preempted by her
16 copyright infringement claim because they each contain elements not found in the copyright
17 claim. Plaintiff also contends that she has standing to bring a fraud claim against Defendants
18 because she suffered damages to her artistic reputation as a result of the alleged
19 misrepresentation.  On November 20, 2006, Defendants filed a Reply in Support of the
20 Motion for Judgment on the Pleadings, reiterating that Plaintiff's common law claims do not
21 contain elements not found in the copyright infringement claim, and, thus, are preempted
22 (Doc. 23). Defendants further state that Plaintiff does not have standing for the fraud claim
23 because Plaintiff did not rely upon the misrepresentation of her forged art.
24 　　　　　　　　　　　　　　　　LEGAL STANDARD
25 　　　　After the pleadings are closed, a party may move for judgement on the pleadings if
26 no material facts remain at issue and the parties' dispute can be resolved on the pleadings.
27 Fed. R. Civ. P. 12(c). If, however, a material issue of fact remains in dispute, the court must
28 deny the motion.  Id.  Facts and evidence not presented in the pleadings are not considered

by the court. See Robinson v. Fred Meyers Stores, Inc., 252 F.Supp.2d 905, 910 (D. Ariz. 2002). Furthermore, the court accepts all well-pleaded material allegations of the non-moving party as true. Fajardo v. County of Los Angeles, 179 F.3d 698, 699 (9th Cir. 1999).

## DISCUSSION

I.   PLAINTIFF'S COMMON LAW CLAIMS

Defendants contend that all of Plaintiff's common law claims, namely breach of contract, intentional infliction of emotional distress, and fraud are preempted by her federal copyright infringement claim. Federal copyright law protects the owner of a copyright from another's unauthorized display, performance, reproduction, or distribution of the protected work. 17 U.S.C. § 106. These protections preempt all other legal and equitable rights provided by state common law or statutes. 17 U.S.C. § 301. A state law is preempted when the rights and subject matter at issue fall under the general scope of the rights and subject matter covered by the Copyright Act. Laws v. Sony Music Entm't, Inc., 448 F.3d 1134, 1138 (9th Cir. 2005). A state cause of action is not preempted if it consists of an extra element that is not found within the copyright infringement cause of action. Id.

   A.   BREACH OF CONTRACT CLAIM

Plaintiff's breach of contract claim is preempted by her copyright infringement cause of action. A breach of contract claim is preempted when the contract in question only promises to protect the right to reproduce the work of the plaintiff. See Groso v. Miramax Film Corp., 383 F.3d 965, 968 (9th Cir. 2004) (holding that a contract claim was not preempted by the Copyright Act because it was based on a promise to pay the value of copyrighted material and did not seek to protect the reproduction rights of the material); Wrench LLC v. Taco Bell Corp., 256 F.3d 446, 457-458 (6th Cir. 2001).

In this case, Plaintiff's contract with Defendants only promises to protect the rights to reproduce and distribute Plaintiff's copyrighted artwork (Doc. 19, ¶ 10). These are exactly the same rights that are covered by federal copyright law. Because there are no extra elements present in the contract, Plaintiff's breach of contract claim is preempted by her

- 3 -

federal copyright infringement cause of action. Accordingly, Plaintiff's breach of contract claim is dismissed.

### B.     INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff's intentional infliction of emotional distress claim is also preempted by the copyright infringement claim.  In order to sustain an intentional infliction of emotional distress cause of action, the plaintiff must prove three elements: (1) that the conduct by the defendant be extreme and outrageous; (2) that the defendant either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct, and (3) that severe emotional distress must result from defendant's conduct. Thompson v. Paul, 402 F.Supp.2d 1110 (D. Ariz. 2005).  Plaintiff asserts that these extra elements distinguish the intentional infliction of emotional distress claim from the copyright infringement claim.  Although the Ninth Circuit has never ruled on this particular issue, courts in other circuits have held that a claim is still preempted if the required extreme and outrageous conduct is rooted in the unauthorized reproduction and distribution of the plaintiff's work. See Rainy v. Wayne State Univ., 26 F.Supp.2d 963, 969 (E.D. Mich. 1998); Sturdza v. United Arab Emirates, 281 F.3d 1287, 1305 (D.C. Cir. 2002).

In Plaintiff's case, the extreme and outrageous conduct that Plaintiff relies upon to establish her emotional distress claim is Defendants' unlawful reproduction, sales, distribution, and forgery of Plaintiff's copyrighted art (Doc. 19, ¶¶ 24, 28).  This behavior also serves as the core of Plaintiff's copyright infringement claim.  See 17 U.S.C. § 106. Since Plaintiff's emotional distress claim does not consist of any extra elements not found in the copyright infringement claim, Plaintiff's intentional infliction of emotional distress cause of action is preempted.  Accordingly, Plaintiff's intentional infliction of emotional distress claim is dismissed.

/////

C.   FRAUD CLAIM

Plaintiff's fraud claim is preempted by the copyright infringement claim as well. A fraud cause of action requires proof of misrepresentation. Valente-Kritzer Video v. Pinckney, 881 F.2d 772, 776 (9th Cir. 1989). Plaintiff argues that the requirement of misrepresentation in fraud constitutes as an extra element that distinguishes the claim from the copyright infringement cause of action. However, in order to survive preemption, the misrepresentation must be based on a core of allegations dissimilar from those on which the copyright infringement claim is based. See id. (holding that a fraud claim was not preempted because the alleged misrepresentation was based on the intent to perform the parties' contract).

Plaintiff's fraud claim is rooted in Defendants' alleged misrepresentation of the artist's signature and of limited-edition prints (Doc. 19, ¶¶ 34-41). These two allegations are derived from Defendants' unauthorized reproduction and distribution of Plaintiff's artwork and, thus, are not, in actuality, different from the copyright claim. As such, the fraud claim is preempted by the copyright infringement cause of action.

II.   PLAINTIFF'S STANDING TO BRING A FRAUD CLAIM

In their Motion for Judgment on the Pleadings, Defendants also have argued that Plaintiff lacks standing to bring a fraud claim. Under Arizona law, a plaintiff must plead nine elements to sufficiently bring a fraud claim: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably calculated; (6) the recipient's ignorance of its falsity; (7) the recipient's reliance on its truth; (8) the right to rely on it; and (9) a consequent and proximate injury." Arnold & Assoc., Inc. v. Misys Healthcare Systems, 275 F.Supp.2d 1013, 1027 (D.Ariz. 2003).

Plaintiff has not alleged many of the nine elements required for a valid fraud claim. For example, Plaintiff has not alleged that Defendants' actions were intended to cause Plaintiff to act in any reasonably calculated manner. Nor has Plaintiff alleged that she relied upon, nor had a right to rely upon, any statement or action by Defendants. Most importantly,

Plaintiff has not alleged that she relied upon Defendants' alleged misrepresentations of her art to her detriment.

Instead, Plaintiff merely argues that she has a stake in the fraud claim because the misrepresentations of her art damaged her reputation as an artist (Doc. 19, ¶ 42). This allegation is insufficient to sustain a fraud cause of action. Therefore, Plaintiff lacks standing to bring a fraud claim against Defendants.

## CONCLUSION

For the forgoing reasons,

IT IS ORDERED that Defendants' Motion for Judgment on the Pleadings (Doc. 21) is granted.

IT IS FURTHER ORDERED Plaintiff's breach of contract claim is dismissed with prejudice.

IT IS FURTHER ORDERED that Plaintiff's intentional infliction of emotional distress claim is dismissed with prejudice.

IT IS FURTHER ORDERED that Plaintiff's fraud claim is dismissed with prejudice.

DATED this 3rd day of August, 2007.

Mary H. Murguia
United States District Judge