**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lori Jo Giddings, ) | CV 05-2963-PHX-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Vison House Production, Inc., d/b/a) Designer Art Direct; Cindy Rarig,) individually and d/b/a Designer Art Direct;) Jonathan Rarig, individually and d/b/a) Designer Direct; John/Jane Does I) through V, ) | |
| Defendant. ) | |

Now pending before the Court is Defendants' Motion to Strike Plaintiff's Expert Witness (Doc. 51). Plaintiff has filed a Response (Doc. 56) and Defendants have filed a Reply (Doc. 60). The Court has considered the papers submitted and hereby issues the following Order.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(a)(2), "a party shall disclose to other parties the identity of any person who may be used at trial [as an expert]," and provide a "written report" containing certain, specified information "at the times and in the sequence directed by the court . . ." A party who "without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence

at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed.R.Civ.P. 37(c)(1). Such exclusion of witnesses and information not properly disclosed under Rule 26(a) "is automatic in the sense that there is no need for the opposing party to make a motion to compel disclosure . . ." prior to exclusion. Charles Alan Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice and Procedure § 2289.1 (2d ed. 1994); see also Yeti By Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) ("The Advisory Committee Notes describe it as a 'self-executing,' 'automatic' sanction . . . .") "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." Yeti By Molly Ltd., 259 F.3d at 1107.

## DISCUSSION

Pursuant to the Scheduling Order in this case, the expert report deadline was January 21, 2008. On January 25, 2008, three days after the deadline, Plaintiff disclosed four experts. Plaintiff did not move to disclose her experts late. To date, it appears Plaintiff has not disclosed any expert reports. Defendants have moved to strike all four experts because of this deficiency.

In her Response, Plaintiff disclaims three of her previously-disclosed experts, contending that she will use only a single handwriting expert at trial. Regarding the handwriting expert's written report, Plaintiff argues that her failure to disclose this expert report is harmless and does not prejudice the Defendants because discovery is ongoing and because a trial date has not yet been set. Plaintiff also attempts to justify her failure to disclose an expert report by arguing first that Defendants have given inadequate discovery responses, and that the instant motion violates the local rules, which do not provide for such a motion to strike.

Contrary to Plaintiff's argument, her failure to disclose an expert report does, in fact, harm the Defendants. Without the expert report, Defendants have been unable to conduct the necessary discovery to rebut Plaintiff's expert's opinion. Nor have Defendants been able

1 to adequately depose the expert.  Therefore, with the discovery deadline now past, clearly
2 Defendants have been prejudice by not having Plaintiff's expert report.

3       Furthermore, the Court is not persuaded by Plaintiff's assertion that her lack of an
4 expert report is somehow justified by Defendants' inadequate discovery responses.  If
5 Plaintiff was dissatisfied with Defendants' discovery responses, Plaintiff should have raised
6 the issue well before the expert report deadline.  Instead, Plaintiff's claim comes only after
7 Defendants moved to strike her experts, a month and a half after the expert disclosure
8 deadline.

9       Finally, Plaintiff is mistaken about Defendants' violation of Local Rule 7.2(m).
10 Plaintiff claims the Rule does not authorize a motion to strike an expert.  Rule 7.2(m) states
11 as follows:

12     A motion to strike may be filed only if it is authorized by statute or rule such
       as federal rules of civil procedure 12(f), 26(g)(2), or 37(b)(2)(C), or if it seeks
13     to strike any part of a filing or submission on the ground that it is prohibited
14     (or not authorized) by a statute, rule, or court order.

15 Thus, a motion to strike is warranted if authorized by a federal rule.  Rule 7.2(m) provides
16 a number of examples of rules that, if violated, allow a party to file a motion to strike.
17 However, the list is not exhaustive.[1]  In any event, Defendants' Motion is authorized under
18 Rule 37(b)(2)(C), which provides for sanctions, including striking pleadings, claims, and
19 defenses for failure to comply with a discovery order.  Therefore, even though the list of
20 rules itemized in Local Rule 7.2(m) is not exhaustive, Rule 37(b)(2)(C) is specifically listed
21 in Rule 7.2(m) and, in fact, authorizes Defendants' Motion to Strike.

---

[1] Note that Rule 7.2(m) prefaces its federal rules it lists with the wording "such as," indicating that the rules provided are examples of rules that authorize a motion to strike rather than an exhaustive list.

- 3 -

## CONCLUSION

Plaintiff bears the burden of establishing that her failure to disclose an expert reports is justified or harmless. Plaintiff has not made such a showing. Accordingly, the Court will strike Plaintiff's expert witnesses pursuant to Federal Rule of Civil Procedure 37(c)(1).

Accordingly,

IT IS ORDERED granting Defendants' Motion to Strike Plaintiff's Expert Witnesses (Doc. 51).

DATED this 28th day of May, 2008.

_____
Mary H. Murguia
United States District Judge