**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lori Jo Giddings, | No. CV 05-2963-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Vision House Production, Inc., et al. | |
| Defendants. | |

Pending before this Court is Defendants' Motion for Award of Attorneys' Fees and Related Non-Taxable Expenses pursuant to 17 U.S.C. § 505. (Doc. # 86). Having reviewed the motion and memorandum in support, as well as the responses and replies thereto, the Court issues the following Order.

**I.    BACKGROUND**

This case initially came before this Court on September 27, 2005 when Plaintiff filed a four-count complaint against Defendants asserting a copyright infringement claim and three other claims. (Doc. # 1). On August 3, 2007, the other claims were dismissed with prejudice because they were preempted by the copyright infringement claim. (Doc. # 24). On October 21, 2008, the copyright infringement claim was dismissed for lack of subject matter jurisdiction. (Doc. # 84). On October 28, 2008, the Defendants filed the present motion for attorneys' fees and non-taxable expenses under 17 U.S.C. § 505. (Doc. # 86).

## II. DISCUSSION

Under 17 U.S.C. § 505 the prevailing party in a copyright infringement claim may, at the discretion of the court, recover a reasonable attorney's fee and full costs. The Defendants request an award of $84,812.31. (Doc. # 86). Plaintiff argues that the Defendants are not entitled to attorneys' fees because they have achieved a procedural victory rather than a ruling on the merits. (Doc. # 91).

### A. Jurisdiction

Before proceeding to the merits of the Defendant's motion for attorneys' fees, this Court is required to first address the matter of jurisdiction. Wilbur v. Locke, 423 F.3d 1101, 1105 (9th Cir. 2005) (citing Tenet v. Doe, 544 U.S. 1, 6 n.4 (2005)). Although neither party raised any jurisdictional issues, this Court must raise jurisdictional issues *sua sponte*. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (1986); Williams v. United Airlines, Inc., 500 F.3d 1019, 1021 (9th Cir. 2007); Elwood v. Drescher, 456 F.3d 943, 948 (9th Cir. 2006); Wilson v. Fisch, No. 08-00347(JMS/KSC), 2009 U.S. Dist. LEXIS 14314, at *7 (D. Haw. Feb. 24, 2009). This Court must therefore decide whether it has jurisdiction to award attorneys' fees.

The Ninth Circuit has held that a district court lacks jurisdiction to award attorneys' fees if the underlying claim was itself dismissed for lack of subject matter jurisdiction. Elwood v. Drescher, 456 F.3d 943, 948 (9th Cir. 2006); Branson v. Nott, 62 F.3d 287, 292–93 (9th Cir. 1995). Moreover, the fee-shifting provision of the substantive statute under which the suit was brought cannot confer subject matter jurisdiction that is otherwise absent. Knight v. Knight, 207 F.3d 1115, 1117 (9th Cir. 2000). See also W.G. *ex rel.* D.G. v. Senatore, 18 F.3d 60, 64 (2d. Cir. 1994) (concluding that where there is no subject matter jurisdiction over the substantive claim an award of attorneys' fees is barred as a matter of law). In ruling on an attorneys' fees claim brought under 17 U.S.C. § 505, the district court for the Central District of California concluded that it lacked subject matter jurisdiction to hear the claim because the original complaint was dismissed for lack of subject matter jurisdiction. McCormick v. Amir Constr. Inc., CV 05-7456 CAS(PJWx), 2008 U.S. Dist.

LEXIS 84455, at *3 (C.D. Cal. Oct. 6, 2008). Similarly, in this case, because the underlying copyright infringement claim was dismissed for lack of subject matter jurisdiction, this Court cannot rule on the merits of the attorneys' fees claim and must dismiss the claim for lack of subject matter jurisdiction.

**III.    CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion for Award of Attorneys' Fees and Related Non-Taxable Expenses be dismissed for lack of subject matter jurisdiction.

DATED this 11th day of June, 2009.

_____
Mary H. Murgula
United States District Judge